UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-489-CR-Ungaro

UNITED STATES OF AMERICA,

v.

MICHAELAT ALCENAT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Ursula Ungaro. Pursuant to such reference, the Court has received the defendant Michaelat Alcenat's Motion to Dismiss Petition [DE 37], the government's response in opposition, and the defendant's reply thereto. A hearing was held on said Motion on October 4th, 2007.

## FACTUAL BACKGROUND

The defendant, following a guilty plea to a charge of unauthorized re-entry into the United States, was sentenced to a term of seventy-one months imprisonment on December 6th, 1996, followed by a three year term of supervised release. Upon release from prison he began his term of supervised release on July 25th, 2001.

Subsequently, he was arrested on or about February 3rd, 2002, charged with illegally re-entering the United States (Puerto Rico). He entered a plea of guilty and was sentenced to seventy-one months imprisonment and a three year term of supervised release.

About one year following the imposition of the aforesaid sentence, a warrant was issued by this Court for the arrest of the defendant for violation of the conditions of his supervised release

imposed by this Court. The warrant directed *inter alia* that "You are hereby commanded to arrest the within-named supervised releasee and bring him or her, **forthwith**, before the United States District Court to answer charges that he or she violated the conditions of his or her supervised release imposed by the court." Emphasis supplied. For reasons unexplained to the Court at the hearing on this Motion, the warrant was not executed until August 17th, 2007, forty-seven months following its issuance.

## DISCUSSION

The defendant, in his Motion, claims a denial of rights guaranteed him by the Due Process provision of the United States Constitution, which he asserts is applicable in the supervised release setting as in this cause. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). This Court does not share the defendant's view of the holding in *Frazier*. The Court interprets the ruling as offering Due Process protections to the right of a defendant to confront and cross-examine the adverse witness in supervised release violation hearings. There has been no claim by the defendant of a denial of his right to confrontation and examination of witnesses.

Interestingly, the government, in its response, refers to *United States v. Taylor*, 931 F.2d 842 (11th Cir. 1991). The Court, in *Taylor*, held that a one year delay to consider a revocation hearing was not violative of due process rights. In the cause *sub judice* the delay was almost four years (47 months) from the issuance of the arrest warrant until its execution. The government has offered no reason for such delay.

The government also relies on the holding in *United States v. Williams*, 558 F.2d 224 (5th Cir. 1977), which speaks of such delays resulting in a denial of the opportunity to contest the violation

charges. Defendant here has made no such assertion; however, this Court feels that such deprivation is not of paramount importance in this instance.

Had the defendant been timely arrested on the warrant for which he is presently in custody, while he was serving the seventy-one month sentence imposed on him in Puerto Rico, he had the realistic possibility of receiving a concurrent sentence on the violation of his conditions of supervised release to be served simultaneously with such seventy-one month sentence. He was deprived of such opportunity since he is now in custody following the completion of the sentence received in Puerto Rico.

The government's argument that the defendant has been in custody on the subject warrant for two months misses the mark. He was entitled to a hearing on the supervised release violation at a reasonable time following the issuance of the arrest warrant. He was deprived of such timely hearing.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above, and based upon the Court's review of the record and consideration of the submissions of the parties and argument of counsel, the undersigned respectfully RECOMMENDS that the defendant Alcenat's Motion to Dismiss Petition be GRANTED. However, should the District Judge disagree, the undersigned respectfully recommends that the Court consider the defendant's completion of a seventy-one month sentence for the offense that constituted a basis for the supervised release violation charges as also constituting a sentence for the supervised release violation.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Ursula Ungaro. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal

the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 10th day of October, 2007.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE